UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAMERON MATHEW ROSE, | Case No. 3:19-cv-00386-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF RENO, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

*Pro se* Plaintiff Cameron Mathew Rose brings this action under 42 U.S.C. § 1983. (ECF No. 17.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 21), recommending the Court dismiss this case without prejudice under Federal Rule of Civil Procedure 4(m) and deny Rose's pending motion for a cease-and-desist order (ECF No. 18) and motion for clarification (ECF No. 20) as moot. Rose objected to the R&R. (ECF No. 22 ("Objection").) Because the Court agrees with Judge Cobb, finds Rose's Objection unpersuasive, and as further explained below, the Court will adopt the R&R in its entirety.

**II.    BACKGROUND**[1]

Rose brought this case against various Nevada government agencies and law enforcement officers for citations and arrests that allegedly stemmed from Rose's status as an unhoused individual and that violated his Constitutional rights. (ECF No. 17 at 6-21.) Rose paid the $400 filing fee and his first application to proceed *in forma pauperis* ("IFP Application") was denied as moot. (ECF Nos. 3, 9.) Rose was ordered to serve Defendants by June 18, 2020. (ECF No. 9.) Rose requested additional time to file proof of

---

[1] The following facts are adapted from the Amended Complaint unless otherwise indicated. (ECF No. 17.)

service, leave to file an amended complaint ("FAC"), and leave to reapply for *in forma pauperis* status. (ECF No. 11.) Judge Cobb granted those requests. (ECF Nos. 12, 13.) Rose then sought an extension of time to file his FAC, which Judge Cobb also granted. (ECF Nos. 14, 16.) Rose ultimately filed his FAC more than three months after the deadline that Judge Cobb imposed. (ECF No. 17.) To date, he has not refiled his IFP Application or submitted proof of service for any of the Defendants named in the Complaint.

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Rose filed his Objection. (ECF No. 22.)

### IV.   DISCUSSION

Rose raises two main arguments in his Objection. First, Rose objects to Judge Cobb's recommendation that the Court dismiss the case for failure to timely file the FAC. (*Id.* at 1.) Rose argues that he specifically requested a January 8, 2021,[2] deadline to file his FAC. (ECF Nos. 14, 22 at 1.) Instead, Judge Cobb gave him an October 5, 2020, deadline. (ECF Nos. 16, 22 at 1.) Rose claims that Judge Cobb did not properly read his motion for extension of time.[3] (ECF No. 22 at 1.) He also contends he was unable to meet the deadline because he had to work on another case, he was beginning school at the University of Reno [sic], and he was overwhelmed by the quantity of allegations in his

---

[2] The Court notes that in his motion for extension of time, Rose requested a January 8, 2020, deadline to file his FAC, which the Court construes as a typo. (ECF No. 14.)

[3] In his Objection, Rose requests that Judge Cobb recuse himself from the case and demands an ethical violation hearing for Judge Cobb. (ECF No. 22 at 1, 6.) This is not the proper medium or avenue to raise such concerns. While the Court cannot give Rose legal advice, if Rose nonetheless wishes to make a complaint of judicial misconduct against Judge Cobb, the proper procedure is outlined on the Ninth Circuit Court of Appeals website. *See Guidelines for Judicial Misconduct or Disability Complaints*, 9th Cir., https://www.ca9.uscourts.gov/misconduct/guidelines/ (lasted visited Nov. 5, 2021).

FAC. (*Id*. at 1-2.) The Court overrules Rose's Objection for the following reasons.

As a preliminary matter, Judge Cobb's refusal to grant Rose a lengthier extension than Rose requested does not mean he did not properly read Rose's request. It was well within Judge Cobb's discretion to give Rose an earlier deadline than Rose requested, particularly since Rose sought an extension of four and a half months to file his FAC. (ECF Nos. 12 at 1, 14 at 1.) Moreover, to the extent there were extenuating or unforeseen circumstances that hindered Rose's ability to meet the October 5, 2020, deadline, he could have notified the Court or submitted an additional request for an extension of time. (ECF No. 16.) But Rose did not. And despite Judge Cobb allowing Rose an additional month and a half to submit his FAC, Rose did not file the document until January 11, 2021—more than three months after the October 5, 2020, deadline. (ECF Nos. 16, 17.) Rose had adequate time to file his FAC. The Court accordingly overrules this portion of his Objection.

Second, Rose objects to Judge Cobb's recommendation that the Court dismiss this case for failure to file proof of service pursuant to Fed. R. Civ. P. 4(m).[4] (ECF Nos. 21 at 2-3, 22 at 3.) Rule 4(m) requires that a court dismiss a case without prejudice "[i]f a defendant is not served within 90 days after the complaint is filed," unless "the plaintiff shows good cause for the failure." *See* Fed. R. Civ. P. 4(m). Rose argues he was unable to serve Defendants because his financial situation changed, and he could not pay the process server fees. (ECF No. 22 at 3.) However, Judge Cobb previously allowed Rose to reapply for IFP status even though Rose already paid the full filing fee and his first IFP Application was denied as moot. (ECF Nos. 3, 9, 13.) Rose then failed to file a new IFP Application within the 30-day deadline set by Judge Cobb and did not seek any additional extensions. (ECF No. 21 at 2.) In his Objection, Rose counters that he clearly qualifies for IFP status because he was approved in a separate case in this District and the Court already had his IFP information from the other case. (ECF No. 22 at 3.) But the Court

---

[4]LR 15-1(b) provides that "[i]f the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading."

3

separately screens a plaintiff's IFP Application for each case, and it is the plaintiff's obligation to complete an IFP Application for each case they file. *See* 28 U.S.C. § 1915; LSR 1-1. Rose's IFP information and status from another case therefore have no bearing on this action.

Moreover, LR IA 11-8 provides that "[t]he court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: . . . (e) [f]ails to comply with an order of this court." Judge Cobb provided Rose with numerous opportunities to submit proof of service and warned Rose that his failure to comply will result in dismissal of this case. On March 20, 2020, Judge Cobb ordered Rose to serve Defendants by June 18, 2020, and warned that this case would be dismissed without prejudice if Defendants were not timely served. (ECF No. 9.) Judge Cobb then granted Rose's request for an extension and ordered him to submit proof of service by September 18, 2020. (ECF No. 12 at 1.) Finally, the Court issued a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m) unless Rose filed proof of service by May 15, 2021. (ECF No. 19.) To date, Rose has not complied with the Court's prior orders and has not submitted proof of service for any of the Defendants in this case. The Court therefore agrees with Judge Cobb that dismissal is warranted. Accordingly, the Court overrules Rose's Objection and dismisses this case without prejudice under Fed. R. Civ. P. 4(m) and LR IA 11-8(e).

**V.     CONCLUSION**

The Court notes that Rose made several arguments not discussed above. The Court has reviewed these arguments and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Rose's objection (ECF No. 22) to the Report and Recommendation of United States Magistrate Judge William G. Cobb is overruled. The Court accepts and adopts Judge Cobb's Report and Recommendation (ECF No. 21) in its entirety.

It is further ordered that Rose's motion for a cease-and-desist order (ECF No. 18) and his motion for clarification (ECF No. 20) are denied as moot.

1  It is further ordered that this case is dismissed, in its entirety, without prejudice for the reasons provided herein.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE